IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS ROBINSON, individually and for others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KIEWIT MINING GROUP INC.,<br><br>Defendant. | **8:25CV237**<br><br><br>**ORDER** |

Defendant Kiewit Mining Group Inc. ("Kiewit") employed plaintiff Travis Robinson ("Robinson") as an hourly employee at the Manh Choh gold mine in Alaska sometime around 2021 to 2024.[1]  Robinson claims (Filing No. 1) he regularly worked more than forty hours per week for Kiewit.  According to Robinson, Kiewit required him to gather his work equipment while at the job site but before "clocking-in."  Kiewit also required him to remove and store his gear after "clocking-out."

Robinson filed this lawsuit individually and purportedly on behalf of other similarly situated individuals, bringing claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Alaska Wage and Hour Act ("AWHA"), Alaska Stat. § 23.10.160.  He argues Kiewit's policy of requiring employees to don and doff their safety gear; gather and store their tools; and wash up "off the clock" violates the FLSA and AWHA by depriving him and other employees of overtime wages when they work more than forty hours per week.

---

[1]Robinson's complaint leaves some confusion as to the position he held at the relevant time.  The complaint initially states Kiewit employed Robinson as an "operator utility tech 4" from February 2021 through November 2023 but later states Kiewit employed him from March 2022 to October 2024 as a haul truck driver and dozer operator.

On January 29, 2026, the parties advised the magistrate judge that they had participated in a mediation and the matter had settled.  The magistrate judge ordered them (Filing No. 20) to file a joint stipulation for dismissal (or other dispositive stipulation) that would fully dispose of the case.  On March 2, 2026, the parties filed a Joint Stipulation of Dismissal (Filing No. 21) with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Subject to Federal Rule of Civil Procedure 23  and "any applicable federal statute," a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P.  41(a)(1)(A).  Although the complaint states this is a Rule 23 class action and a collective action under the FLSA, the parties have not sought judicial approval of their settlement.  They also don't say what their agreement means to the rest of the putative class.

Though the Eighth Circuit has not weighed in, there is a circuit split on whether the FLSA requires judicial approval of all FLSA settlements.  *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (noting it is an open question "whether the FLSA requires judicial approval to settle bona fide disputes over hours worked or wages owed").  The Fifth Circuit does not require judicial approval of all FLSA settlements, while the Second and Eleventh Circuits do.  *Compare Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255 (5th Cir. 2012) (enforcing a settlement of bona fide FLSA disputes over hours worked or wages owed without judicial or Department of Labor approval), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding parties cannot settle FLSA claims without such approval), *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (same); *see also O'Neal v. Am. Shaman Fran. Sys., Inc.*, No. 24-10900, 2026 WL 377792, at *4 (11th Cir. Feb. 11, 2026) (reaffirming the conclusion in *Lynn's Food*).

This Court and others have generally entered stipulated judgments in FLSA collective actions only after scrutinizing the settlement for fairness.  *See*, *e.g.*, *Oliphant v.*

*Sprint Corp.*, No. 8:18-CV-353, 2020 WL 13031516, at *1 (D. Neb. Dec. 14, 2020). Now, however, the circuit split has become a topic of debate among district courts. *See, e.g.*, *Shelton v. Steam Logistics, LLC*, No. 1:24-CV-393, 2025 WL 3173664, at *4 (E.D. Tenn. Nov. 13, 2025) (concluding the court need not approve the FLSA settlement at issue); *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880, 882 (D. Ariz. 2023) ("There is, unfortunately, no binding Ninth Circuit law on this question."); *Maldonado v. WK Kellogg Co.*, No. 1:24-CV-90, 2025 WL 1427073, at *4 (W.D. Mich. May 6, 2025) (finding that "the purpose, text, and history of the FLSA, as well as policy considerations, support a requirement of judicial approval").

Nevertheless, the Eighth Circuit has never taken a side on the issue. And it is unclear from their brief joint stipulation for dismissal whether the parties here intend to settle the case without judicial approval.

Accordingly, the parties are ordered to either submit their settlement for judicial approval by filing a joint motion or file supplemental briefing addressing why the Court should dismiss this action without settlement approval on or before March 20, 2026.

IT IS SO ORDERED.

Dated this 6th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3